UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PREMIER LUBBOCK SPORTSPLEX, LTD. | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-245 |
| | § | |
| | § | |
| BEAZLEY USA SERVICES, INC. | § | |
| *Defendant* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff PREMIER LUBBOCK SPORTSPLEX, LTD. ("Premier" or "Plaintiff") files this Original Complaint & Jury Demand against Defendant BEAZLEY USA SERVICES, INC. ("Beazley" or "Defendant") and would respectfully show the following:

### Parties

1. Premier Lubbock Sportsplex, Ltd is a domestic limited partnership located and operating in the State of Texas.

2. Upon information and belief Beazley is a foreign fire and casualty insurance company engaged in the business of insurance in Texas, operating for the purposes of accumulating monetary profit. Beazley regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. Beazley may be served with process by serving its registered agent certified mail, return receipt requested, to **Mendes & Mount, 750 Seventh Avenue, New York, New York 10019-6829.**

### Venue & Jurisdiction

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district. Investigation, including key claim communications to Plaintiff and from Defendant's assigned adjusters (including claim rejections, telephone calls, and other communications to Plaintiff) occurred within this district.

**Factual Background**

*The Property*

5. Premier owns and operates the commercial property located at 9000 Memphis Drive, Lubbock, Texas 79423 in Lubbock County, Texas (the "Property").



The Property is comprised of two large building situated on 72,538 square feet of land. The buildings house workout facilities, basketball courts, office space, storage space, and a pool and concession area.

*The Policy*

6. Prior to May 19, 2018, Premier paid annual premiums, assessments, fees, surcharges, and taxes to Beazley to acquire comprehensive commercial insurance coverage for the Property and the business under Beazley Policy No. W1804E170301 (the "Policy"). The Policy provides coverage for Premier's business and the Property, for covered damages that

2

occur during the Policy Period, from April 9, 2018 through April 9, 2019. In exchange for Premier's premium payment, the Policy includes the following limits and coverages, in relevant part:

| COVERAGES PROVIDED | | | |
|---|---|---|---|
| Insurance at the Described Premises applies only for Coverages for which a Limit of Insurance is shown | | | |
| Prem. No./ Bldg. No. | Coverage | Limit of Insurance | Covered Causes of Loss |
| All/All | Buildings<br>Personal Property<br>Business Income<br>Extra Expense | $4,954,000 Per Occurrence | Special Form (ISO) |

Total LIMIT OF INSURANCE in any one occurrence for all above coverages combined: $4,954,000

| Coinsurance | Valuation | Coverages |
|---|---|---|
| 80 % | Replacement Cost | Buildings<br>Personal Property |
| 80 % | Actual Loss Sustained | Business Income<br>Extra Expense |

7. As evidenced by the Declarations Page, the Policy provides coverage to the Property's physical structure on a replacement cost value basis for damages, in addition to damages to business property, and lost business income up to $4,954,000. *See* Ex. A, Policy, at Declarations Pages.

8. The Policy also contains a Deductible provision that confirms coverage for damages to the interior of the Property that result from wind, hail, and named windstorm damage, including damages caused by wind driven rain:

| DEDUCTIBLE | |
|---|---|
| Deductible | Peril(s) |
| $25,000 Per Occurrence | Wind, Wind Driven Rain, Hail |
| $5,000 Per Occurrence | All Other Perils |

*Premier makes an insurance claim for related damage*

9. On or about May 19, 2018, a wind and hail storm struck the property causing substantial damage to the roof system, HVAC, interior, exterior, and more. As a result of the hail

3

and wind hitting Lubbock County and specifically the Property, sizeable portions of the Property's roofs were compromised. As a result, there was also interior damage to ceilings, walls, and flooring. The following photographs taken after the storm depict some of the damage:




10. There was also significant damage to the roof, metal components, and insulation:




4

11. The Property—specifically the roof, HVAC, ceilings, walls, and flooring—were substantially damaged by hail and wind. Yet as devastating as the physical damage was, Premier felt fortunate to be protected by over $4 million in insurance coverage it had procured to insure the Property from precisely this type of catastrophe. Immediately after the storm, Premier promptly filed a claim with Beazley, alerting them to the extensive damages. This sense of security, borne of a pricey contractual relationship, would prove illusory as Beazley began their investigation and handling of the claim.

***Premier works hard to document its damages for Beazley but received a claim rejection.***

14. Beazley's claims-handling process resulted in a wrongful claim rejection that omitted a wealth of facts, physical evidence, obvious wind and hail damages, and meteorological data from the storm supporting Premier's claim. Beazley unreasonably pinned the loss on anything but the hail and wind, an action designed to save Beazley hundreds of thousands of dollars in damages to the Property and the business.

15. Beazley assigned an internal adjuster, Scott Liles from McLarens Adjusting in Houston to handle the claim. Liles was unqualified and incapable of adequately assessing the damages to the Property and was the source of many delays throughout the claims process. After utilizing preferred vendors JS Held and Koontz Engineering to inspect the Property in July 2019, Beazley continued to delay claim resolution and ignored the insured's requests for updates. Months after the inspections, after Premier's representative continuously pressed Beazley and Liles for updates, Beazley rejected Premier Sportsplex's sworn proof of loss on October 15, 2019 generated from adjuster Liles/McLarens' Houston office.  Beazley also refused to provide the engineering report from Koontz Engineering. Later, on November 1, 2019, McLarens sent an additional significant letter from its Houston office and cited several additional excuses for why it

5

might not pay this reasonably clear covered claim and reserved the right to deny the claim based on those exclusions or based on others it might cite in the future.

16. To this day, due to Beazley's outcome-oriented, inadequate, and haphazard investigation, Beazley has refused to fully pay for the covered damages under the Policy.

*Premier sends a demand letter in compliance with Texas law*

17. On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Particularly, Section 542A.003 requires detailed, comprehensive presuit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection, and even make an offer to avoid litigation. When utilized properly, Section 542A should assist business consumers like Premier to avoid protracted litigation over a clear claim.

18. In compliance with Section 542A.003, Premier gave its pre-suit notice to Beazley on November 14, 2019. The pre-suit notice provided a comprehensive outline of Premier's claims and damages, quantified its loss, and even offered to waive a formal claim for attorneys' fees if the contractual amounts were paid promptly.

19. Beazley responded to the demand on December 4, 2018 but refused to acknowledge its own wrongdoing.

### Count 1 – Violations of Texas Insurance Code, Section 541

20. Premier re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

21. Beazley failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

22. Beazley failed to adopt and implement reasonable standards for prompt investigation of the claim arising under its policy.

23. Beazley failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

24. Beazley refused to pay the claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

25. Beazley misrepresented the insurance policy under which it affords property coverage to Premier, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).  Beazley misrepresented the insurance policy to Premier, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

26. Beazley misrepresented the insurance policy under which it affords property coverage to Premier by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).  Defendant misrepresented the insurance policy to Premier by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

27. Beazley misrepresented the insurance policy under which it affords property coverage to Premier by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be

disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Defendant misrepresented the insurance policy to Premier by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

28. Beazley knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

### Count 2 – Violations of the Texas Insurance Code, Section 542

29. Premier re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

30. Beazley failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

31. Beazley failed to timely commence investigation of the claim or to request from Premier any additional items, statements or forms that Beazley reasonably believed to be required from Premier in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

32. Beazley failed to notify Premier in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Defendants in violation of Texas Insurance Code Section 542.056(a).

33. Beazley delayed payment of Premier's claim in violation of Texas Insurance Code Section 542.058(a).

34. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Premier's damages.

### Count 3 – Statutory Interest

35. Premier re-alleges and incorporates each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

36. Premier makes a claim for statutory interest penalties along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### Count 4 – Breach of Contract

37. Premier re-alleges and incorporates each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

38. As outlined above, Beazley breached its contract with Premier by refusing to pay for covered damages under the Policy. As a result of Beazley breach, Premier suffered legal damages.

### Count 5 – Breach of duty of good faith & fair dealing

39. Premier re-alleges and incorporates each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

40. Beazley, as the property coverage insurer, had a non-delegable duty to deal fairly and in good faith with Premier in the processing of the claim.  Beazley breached this duty by refusing to properly investigate and effectively denying insurance benefits.  Beazley knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Beazley breach of these legal duties, Premier suffered legal damages.

### Count 6 – Punitive Damages for Bad Faith

41. Premier re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set for herein.

9

42. Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying Premier's claim for benefits. Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Premier.

## Count 7 – Violations of Texas Deceptive Trade Practices Act

43. Premier re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

44. The Texas Deceptive Trade Practices Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. Defendant has also acted unconscionably, as that term is defined under the DTPA.

45. Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Premier's damages.

## Resulting Legal Damages

46. Premier is entitled to the actual damages resulting from the Defendant's violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business; and the other actual damages permitted by law. In addition, Premier is entitled to exemplary damages.

47. As a result of Defendant's acts and/or omissions, Premier has sustained damages in excess of the minimum jurisdictional limits of this Court.

48. Premier is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

49. Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Premier to the attorneys' fees, treble damages, and other penalties provided by law.

50. Premier is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

51. As a result of Defendant's acts and/or omissions, Premier has sustained damages in excess of the jurisdictional limits of this Court.

52. Premier is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

53. Premier is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, Texas Insurance Code 542.060(a)-(c), and Tex. Bus & Commerce Code §17.50.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have a judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**RAIZNER SLANIA, LLP**

/s/ *Jeffrey L. Raizner*
JEFFREY L. RAIZNER
Attorney-in-Charge
State Bar No. 00784806
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax: 713.554-9098
jraizner@raiznerlaw.com

*Of Counsel*:

ANDREW P. SLANIA
State Bar No. 24056338
AMY B. HARGIS
State Bar No. 24078630
BEN WICKERT
State Bar No. 24066290
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554-9098
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Premier Lubbock Sportsplex, Ltd. hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many.  The necessary jury fee has been paid.*

/s/ *Jeffrey L. Raizner*
JEFFREY L. RAIZNER